BUCHANAN v. FLINT TROLLEY COACH CO., INC.

1. CARRIERS—CITY BUS—PROSPECTIVE PASSENGER—DEATH—NEGLIGENCE—QUESTION FOR JURY.

   In administrator's action against bus company for death of his wife, a prospective passenger for city bus, when crushed between overhanging rear end of bus and utility pole located at bus stop between curb and sidewalk, as bus slid over to curb following collision with milk truck on icy pavement, question as to negligence of experienced bus driver who had been operating the bus for about three hours that morning, in driving the bus at a speed greater than that which would permit him to bring it to a stop under the known condition of the street, without colliding with milk truck standing in the intersection, *held*, for jury.

2. TRIAL—NEGLIGENCE—DIRECTED VERDICT—CONTRIBUTORY NEGLIGENCE.

   Where trial court directed verdict for defendant on ground that its bus driver was not guilty of negligence as a matter of law, the question of whether or not plaintiff· was guilty of contributory negligence was not before the court.

3. Appeal and Error—Negligence—Contributory Negligence—Questions for Determination on Retrial.

> Where trial court erroneously directed verdict for defendant carrier on the ground that its bus driver was not guilty of negligence as a matter of law, the question of contributory negligence of plaintiff's decedent did not reach the jury and, not having been passed upon by the court in directing a verdict for the defendants, both the question of negligence of defendants and the contributory negligence of plaintiff's decedent are open for consideration on a retrial of the case.

Appeal from Genesee; Gadola (Paul V.), J. Submitted January 12, 1949. (Docket No. 36, Calendar No. 44,296.) Decided April 11, 1949. Rehearing denied May 18, 1949.

Case by Jeter T. Buchanan, administrator of the estate of Dorothy G. Buchanan, deceased, against Flint Trolley Coach Company, Inc., a Michigan corporation, and another for damages resulting from death. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and new trial granted.

*Van Benschoten & Van Benschoten,* for plaintiff.

*Mason, Davidson, Parker & Wardle (Carton, Gault & Davison,* of counsel), for defendants.

Boyles, J. Plaintiff, as administrator of the estate of his deceased wife, brought this suit against the defendants as the owner and the driver of a trolley passenger bus for the death of his wife caused by the claimed negligence of the said driver of the bus. At the conclusion of the plaintiff's proofs on jury trial, and again at the close of all of the proofs, the defendants moved for a directed verdict on the grounds that the proofs failed to show any negligence on the part of the driver, or freedom from contributory negligence on the part of the decedent.

The trial court granted the motion for the first reason stated therein and plaintiff appeals.

*Negligence of Defendant.* The accident occurred about 10 o'clock in the forenoon, January 12, 1946, on South Saginaw street in Flint. The bus was being driven north on Saginaw street approaching a bus stop at the intersection with Oakley street. The pavement, according to plaintiff's proofs, was "very icy, glassy and slippery all over," "slippery, you could barely walk." The pavement had not been sanded. The driver was experienced, had been driving a bus for about three hours on the morning in question, and was well aware of the slippery condition and its effect on his operation. He approached the bus stop at about 10 miles per hour, and when about a block away saw the decedent standing at the bus stop, between the curb and the sidewalk, near a utility pole on which was a sign "Bus Stop." The bus stop area was marked by yellow paint on the curb for about 47 feet. Entrance to the defendants' bus was from a door near the front end, which passed plaintiff's decedent as the bus came up to the designated area at 3 to 5 miles per hour. As the front end of the bus passed her, plaintiff's decedent started in the same direction as the door, passing between the bus and the utility pole which was about 18 inches back of the curb. The bus skidded into the intersection with Oakley street, struck a milk truck standing in the intersection, the front end of the bus veered or was turned northwest toward the center of Saginaw street, and the rear end of the bus skidded toward the east curb of Saginaw street until the rear wheel stopped at the curb. At the angle thus created, there was an overhang of about 5 feet at the rear end of the bus. Plaintiff's decedent was caught between the bus and the utility pole and crushed to death.

We believe that under these circumstances the issue as to the negligence of the driver was a question of fact for the jury. Plaintiff claimed that the driver came into the bus stop too fast, applied the brakes suddenly and forcibly, causing the bus to skid and to slide sideways out of control. The issue whether the motor vehicle was being negligently driven at a speed greater than would permit the driver to bring it to a stop, under the known conditions of the street, without the impact with the milk truck standing in the intersection, should have been submitted to the jury. The error in failing to do so requires reversal.

*Contributory Negligence.* It appears that the trial court, in directing the jury that as a matter of law the defendant driver was not guilty of any negligence, did not charge the jury on the question whether plaintiff's decedent was guilty of *contributory negligence* as a matter of law. Appellant's brief does not raise or discuss this question. When the trial judge directed the jury to return a verdict for the defendants on the ground that as a matter of law the defendants were not guilty of any negligence which was a proximate cause of the accident, there was nothing else left for the jury or the judge to decide. Under those circumstances, the trial court need not reach the question as to whether the plaintiff's decedent was guilty of contributory negligence as a matter of law or whether contributory negligence was a question of fact.

In this case the defendants, at the conclusion of the plaintiff's proofs, moved the court to direct a verdict for the defendants on the 2 grounds, that the plaintiff had not shown any evidence of actionable negligence on the part of the defendants, and that plaintiff's decedent was guilty of contributory negligence as a matter of law. The court reserved decision and took the testimony of the defendants'

witnesses. At the conclusion of all the proofs, counsel for defendants renewed his motion. The court thereupon directed the jury to return a verdict for the defendants and plainly indicated that his action was based upon his conclusion that the defendants were not guilty of any negligence. The court said:

"There is an absolute lack of negligence on the part of the defendant. The only negligence that could be argued was that they ran their bus at all. * * * Well, there has to be evidence of negligence. You cannot assume negligence just from the happening of an accident. There must be evidence of negligence.

"*Mr. Van Benschoten* [attorney for plaintiff]: The fact that he ran at least a bus length past the stopping point.

"*The Court:* That is not enough.

"*Mr. Van Benschoten:* He didn't have the car under control.

"*The Court:* That is no evidence of negligence. * * *

"*The Court:* The position this court is in, the motion was made at the close of the plaintiff's case, and the court took the matter, reserved decision under the Empson act,* so-called, and the defendant went ahead and presented their evidence. * * * Your position hasn't been altered in any degree. There just isn't any evidence of negligence. * * * If I allowed it to go to the jury, I would have to charge them that there is absolutely no evidence of any negligence in the case. * * * As the court has said before, the only negligence would be in operating the bus at all, because the only evidence of speed was 3 to 5 miles an hour. I don't know how you could run any slower. * * * Members of the jury, when the court is convinced that there

* 3 Comp. Laws 1929, § 14531 *et seq.*, as amended by Act No. 44, Pub. Acts 1939 (4 Comp. Laws 1948, § 691.691 *et seq.* [Comp. Laws Supp. 1940, § 14531, Stat. Ann. 1947 Cum. Supp. § 27.1461 *et seq.*]).—Reporter.

is nothing to present to the jury for their consideration, then the court will take the prerogative of deciding the case himself. That is the position in this case. The court believes, as a matter of law, that the plaintiff has failed to show negligence on the part of the defendant, and that the. plaintiff is free from contributory negligence. It is too bad when somebody is injured or killed, but it does not always follow that there is any negligence, either civil liability or criminal liability."

Query: Did the court mean "the court believes, as a matter of law, that the plaintiff *has failed to show* * * * that the plaintiff is free from contributory negligence"? Or did the court mean "the court believes, as a matter of law, that * * * the plaintiff is free from contributory negligence"?

The defendants (appellees) did not cross-appeal. They take the position that the trial court, in directing a verdict for them, did not pass upon the question of the contributory negligence of the plaintiff's decedent. In their brief, the defendants say:

"The trial court in granting defendants' motion for a directed verdict did not specifically pass on the contributory negligence of plaintiff's decedent, deciding the case on the proposition that there was no evidence of any negligence on the part of the defendants."

Nor does the plaintiff (appellant) take the position that the trial court, in directing a verdict for the defendants, passed upon the issue of contributory negligence, or directed a verdict on that ground. On the contrary, the plaintiff-appellant does not raise any question as to contributory negligence, or discuss it in his brief.

Under these circumstances we see no reason to disagree with the position taken by both the appellant and the appellees, on this appeal. The question

of contributory negligence did not reach the jury, nor was it passed upon by the trial judge as a reason for directing a verdict for the defendants. This leaves both of the questions as to the negligence of the defendants and the contributory negligence of the plaintiff's decedent open for consideration on a retrial of the case. On the record before us, the negligence of the defendants is a question of fact. We do not pass upon the question of contributory negligence of plaintiff's decedent.

The court erred in directing the jury to return a verdict for the defendants on the ground that the plaintiff had failed to show that the defendants were guilty of any negligence. The judgment of no cause for action is set aside and a new trial granted, with costs to appellant.

Sharpe, C. J., and Bushnell, Reid, North, Butzel, and Carr, JJ., concurred.

Dethmers, J., concurred in the result.